# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK TRUST, N.A., | Case No.: 2:18-cv-01045-APG-NJK |
| Plaintiff | **Order (1) Granting Saticoy's Motion to Dismiss and (2) Granting in Part Pacific's Motion to Dismiss** |
| v. | |
| SATICOY BAY LLC SERIES 1405 S. NELLIS 1038 and PACIFIC LEGENDS EAST CONDOMINIUM ASSOCIATES, | [ECF Nos. 7, 20] |
| Defendant | |

Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, sues to determine whether a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Pacific Legends East Condominium Associates, extinguished U.S. Bank's deed of trust encumbering property located at 1405 South Nellis Boulevard #1068 in Las Vegas, Nevada. Defendant Saticoy Bay LLC Series 1405 S Nellis 1038 purchased the property at the HOA foreclosure sale.

Saticoy and Pacific separately move to dismiss. The parties are familiar with the facts, so I will not repeat them here except where necessary. I grant Saticoy's motion. I grant Pacific's motion as to U.S. Bank's claims for quiet title, wrongful foreclosure, breach of statutory duty of good faith, negligent misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing. I also grant Pacific's motion to dismiss part of U.S. Bank's unjust enrichment claim against Pacific.

**I. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*

*Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Quiet Title and Declaratory Relief (counts 1, 2, and 3)**

Nevada Revised Statutes § 40.010 provides that an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." This type of action "does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

It is presumed that the HOA complied with Nevada Revised Statutes Chapter 116 in conducting the sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). A properly conducted HOA foreclosure sale extinguishes all junior interests, including a deed of trust. *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc) ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). Saticoy is the title holder of record, and U.S. Bank therefore must plausibly allege some basis to set aside the HOA foreclosure sale. *Nationstar Mortg., LLC*, 405 P.3d at 646.

////

The complaint offers numerous possibilities: (1) Chapter 116 violates U.S. Bank's due process rights under *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016); (2) the HOA's Covenants, Conditions, and Restrictions (CC&Rs) contain a mortgage protection clause; (3) the foreclosure notices included fees and costs not included in the superpriority lien and did not identify the superpriority amount, (4) the sale amounts to a Taking under the Fifth Amendment, and (5) the HOA foreclosure statutes are unconstitutionally vague and ambiguous. None of these reasons plausibly alleges a basis to set aside the sale.

*1. Due Process*

Unlike most HOA foreclosure cases before this court, this particular HOA foreclosure sale was conducted in April 2016, after the 2015 amendments to the HOA foreclosure statutes took effect. *See* ECF Nos. 1 at 4; 1-1 at 57. *Bourne Valley* addressed only the pre-amendment statutory language. 832 F.3d at 1156 n.1. U.S. Bank does not explain how its due process rights were violated under the 2015 amendments. But even if that same analysis could apply, the argument fails because *Bourne Valley* is no longer controlling law. *See U.S. Bank Nat'l Ass'n on behalf of GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 4604455, at *1-2 (D. Nev. Sept. 25, 2018). The due process clause therefore does not support setting aside the sale.

*2. CC&Rs*

Section 4.03 of the CC&Rs states that the HOA's lien is subordinate to a first security interest "except to the extent required by law." ECF No. 1-1 at 73; *see also id.* at 84 (section 12.01 stating that "[e]xcept as otherwise required by law, liens created hereunder . . . shall be . . . subordinate to, and shall not affect, the rights of the mortgagee under any recorded first mortgage . . ."). Section 12.09 incorporates Nevada Revised Statutes Chapter 116 and states that "in the

event of any conflict between the provisions of this Declaration and [Chapter 116, Chapter 116] shall prevail." ECF No. 1-1 at 86. Under Nevada law, an HOA cannot waive its superpriority lien. *See RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments Pool 1*, 334 P.3d at 418-19. U.S. Bank and any potential bidders at the sale would have been on notice of both the CC&Rs and Chapter 116. *See JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 2018 WL 1448728, at *2 414 P.3d 812 (Nev. 2018) (unpublished) ("[W]e are not convinced that [the mortgage protection clause in the CC&Rs] dissuaded higher bidders. In particular, we must presume that any such bidders also were aware of NRS 116.1104."). The CC&Rs therefore do not provide a basis to set aside the sale.

### 3. *The Notices*

The inclusion of costs and fees in the pre-2015 amendment notices is not a basis to set aside the sale. The notices were sent to the homeowner and other junior lienholders, so "it was appropriate to state the total amount of the lien." *SFR Investments Pool 1*, 334 P.3d at 418. The notice of sale was sent after the 2015 amendments, but those amendments do not require the notice of sale to set forth the superpriority amount. *See* Nev. Rev. Stat. § 116.311635(3).

Even if the notices were defective, the 2015 amendments provide for a right of redemption to the holder of a first security interest. *See* Nev. Rev. Stat. § 116.31166(3). After that 60-day redemption period has passed, "any failure to comply with the provisions of NRS 116.3116 to 116.31168, inclusive, does not affect the rights of a bona fide purchaser or bona fide encumbrancer for value." Nev. Rev. Stat. § 116.31166(10). A "subsequent purchaser is bona fide under common-law principles if it takes the property for a valuable consideration and

4

without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1115 (Nev. 2016) (en banc) (quotation omitted).

U.S. Bank disputes Saticoy is a bona fide purchaser for value because Saticoy was aware of the deed of trust and the CC&Rs, paid a low price, and is a frequent purchaser at HOA foreclosure sales.[1] However, by U.S. Bank's own allegations, Saticoy paid valuable consideration. *See id.* (stating that although the deed of trust holder "might believe that [the purchaser] purchased the property for an amount lower than the property's actual worth, that [the purchaser] paid 'valuable consideration' cannot be contested"). *Id.* at 1115. Additionally, mere knowledge that a prior owner or someone with a lien interest may challenge the sale after the fact on some unknown basis does not deprive the purchaser of bona fide status. *See id.* (stating that the fact that a lienholder "retained the ability to bring an equitable claim to challenge [the HOA's] foreclosure sale is not enough in itself to demonstrate that [the purchaser] took the property with notice of any potential future dispute as to title."). Finally, the CC&Rs and Nevada law would not put Saticoy on notice that this was a basis to set aside the sale. As discussed above, the CC&Rs and Nevada law preserved the superpriority lien. In sum, U.S. Bank has not plausibly alleged the notices provide a basis to set aside the sale, particularly where U.S. Bank not only had a multitude of pre-sale remedies to protect its interest, but also opted not to exercise its post-sale right of redemption under the 2015 amendments.

/ / / /

---

[1] U.S. Bank also mentions that Saticoy should have inquired about tender, but there are no allegations that U.S. Bank or any of its predecessors tendered the superpriority amount.

5

*4. Taking*

U.S. Bank did not respond to Saticoy's motion to dismiss the allegations about a Fifth Amendment taking. I therefore grant that portion of Saticoy's motion as unopposed. LR 7-2(d). Moreover, there was no taking as a matter of law. *See U.S. Bank Nat'l Ass'n for GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *4-5 (D. Nev. July 2, 2018).

*5. Vague and Ambiguous*

U.S. Bank did not respond to Saticoy's motion to dismiss the allegations that the HOA foreclosure statutes are vague and ambiguous. I therefore grant that portion of Saticoy's motion as unopposed. LR 7-2(d). Moreover, U.S. Bank's complaint contains only a conclusory allegation on this point without any plausible allegation as to why the statutes are unconstitutionally vague or ambiguous. This conclusory allegation does not provide a basis to set aside the sale.

*6. Summary*

U.S. Bank has not plausibly alleged a basis to set aside the HOA foreclosure sale. I therefore grant the defendants' motions to dismiss the quiet title and declaratory relief claims in counts 1-3 of the complaint.

**B. Unjust Enrichment (count 5)**

*1. Saticoy*

U.S. Bank did not respond to Saticoy's motion to dismiss the unjust enrichment claim. I therefore grant that portion of Saticoy's motion as unopposed. LR 7-2(d).

/ / / /

/ / / /

### 2. *Pacific*

Pacific argues the complaint does not plausibly allege U.S. Bank conferred a benefit on Pacific because the money paid at the foreclosure sale did not come from U.S. Bank. Pacific also contends U.S. Bank has unclean hands and therefore cannot recover on the equitable theory of unjust enrichment. U.S. Bank responds that the payment of taxes, insurance, and HOA assessments either directly or indirectly confers a benefit on the HOA. U.S. Bank also argues that the HOA was unjustly enriched when it kept the entire amount of the sale proceeds, including the portion that is junior to the deed of trust.

"[U]njust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999) (en banc) (quotation omitted). I deny Pacific's motion as to the portion of U.S. Bank's unjust enrichment claim based on the payment of HOA assessments, taxes, and insurance. Taking those allegations as true, U.S. Bank conferred a benefit on Pacific, particularly with respect to the HOA assessments. Pacific did not move to dismiss on the basis that there was nothing unjust about it retaining the payments.

As for unclean hands, Pacific does not explain how U.S. Bank's failure to take steps to preserve the deed of trust precludes U.S. Bank from recovering for payments it made after the sale. Moreover, unclean hands is not suitable for resolution at the dismissal stage. *See New Penn Fin., LLC v. Riverwalk Ranch Master Homeowners Ass'n*, No. 2:17-cv-02167-APG-CWH, 2018 WL 5621864, at *2 (D. Nev. Oct. 29, 2018).

I grant Pacific's motion as to the sale proceeds because the complaint does not allege facts plausibly showing the HOA kept more than it should have. *See* ECF No. 1 at 15-16. It says

nothing about how the sale proceeds were distributed and does not make even a conclusory allegation that the HOA retained more than it was entitled to under the relevant statutory scheme.

### C. Wrongful Foreclosure (count 6)

Pacific argues that the foreclosure was not wrongful because it complied with the notice requirements that were in effect at the time the notices went out. U.S. Bank responds that the HOA foreclosure statute does not supersede common law duties Pacific owed to U.S. Bank to identify the superpriority amount and allow the bank the opportunity to protect its deed of trust. U.S. Bank argues it has pleaded that Pacific did not comply with the statutory notice requirements or the CC&Rs.

A wrongful foreclosure claim may be based on statutory violations or it may be a tort. *Hines v. Nat'l Default Servicing Corp.*, No. 62128, 2015 WL 4611941, at *2 (Nev. July 31, 2015). For the same reasons discussed with respect to the quiet title claim, U.S. Bank has not plausibly alleged either a statutory or tortious basis for a jury to find the foreclosure was wrongful. I therefore dismiss this claim.

### D. Breach of Statutory Duty of Good Faith (count 7)

Pacific argues it owes no duties to U.S. Bank beyond complying with the statute, which it did. Pacific also contends U.S. Bank cannot rely on the CC&Rs because Nevada law prohibits Pacific from waiving its superpriority lien. U.S. Bank does not specifically respond to these arguments. I therefore grant this portion of the motion as unopposed. LR 7-2(d). Moreover, even if Pacific owed a duty of good faith to U.S. Bank in carrying out its foreclosure under Chapter 116, U.S. Bank has not plausibly alleged how Pacific breached that duty for the same reasons it has not alleged a basis to set aside the sale.

/ / / /

**E. Claims Based on the CC&Rs (counts 8, 9, and 10)**

U.S. Bank's claims for negligent misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing are based on the mortgage protection clause in the CC&Rs. Pacific argues that its CC&Rs did not misrepresent anything to U.S. Bank because the CC&Rs state that they are intended to comply with the law and with Chapter 116 of the Nevada Revised Statutes, which would include Chapter 116's superpriority lien and nonwaiver provisions. As to the contract-based claims, Pacific argues there is no contract between it and U.S. Bank and there is no provision in the CC&Rs which requires it to protect the deed of trust beyond its duty to comply with the foreclosure statutes. U.S. Bank responds that it is an intended third party beneficiary of the CC&Rs and Pacific breached the mortgage protection clause in the CC&Rs by foreclosing on the superpriority lien and purporting to extinguish the deed of trust.

These claims fail as a matter of law because Pacific's CC&Rs incorporate Chapter 116 and subordinate Pacific's lien except as required by law, and Nevada law precludes an HOA from waiving its superpriority lien under Chapter 116. *See RLP-Vervain Court, LLC*, 2014 WL 6889625, at *1; *SFR Investments Pool 1*, 334 P.3d at 418-19. Thus, to the extent the mortgage protection clause conflicts with Chapter 116, it is rendered unenforceable both by operation of law and by the CC&Rs' terms, so there was no breach of the CC&Rs. Nor could the Bank have been misled or had a justifiable expectation that its deed of trust would survive a superpriority sale, given the existence of Chapter 116 and its non-waiver provision, as well as the CC&Rs' language preserving the superiority lien and conforming the CC&Rs to Chapter 116. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (stating the covenant is breached "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified

expectations of the other party are thus denied"). I therefore grant Pacific's motion to dismiss these claims.

### G. Special Damages

Pacific contends that special damages in the form of attorney's fees must be pleaded, but the complaint does not put Pacific on notice of the amount of fees sought. U.S. Bank does not respond to this portion of Pacific's motion. I therefore grant this portion of Pacific's motion as unopposed. LR 7-2(d).

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Saticoy Bay LLC Series 1405 S Nellis 1038's motion to dismiss **(ECF No. 7) is GRANTED**.

IT IS FURTHER ORDERED that defendant Pacific Legends East Condominium Associates' motion to dismiss **(ECF No. 20) is GRANTED in part**. All of U.S. Bank's claims against defendant Pacific Legends East Condominium Associates are dismissed except the portion of the unjust enrichment claim based on post-sale payments U.S. Bank made for taxes, insurance, and assessments.

DATED this 25th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE